Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Concetta Barczak*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Concetta Barczak,<br><br>         Plaintiff,<br><br>    v.<br><br>Unum Life Insurance Company of America, DMB Sports Clubs, Ltd, DMB Sports Clubs, Ltd. Employee Disability Plan,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Barczak (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1.      Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant DMB Sports Clubs, Ltd. (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by Unum Life Insurance Company of America (hereinafter referred to as "Unum"). The specific Unum policy is known as group policy 548954 002. The Company's purpose in purchasing the Unum policy was to provide disability insurance for its employees. Upon information and belief, the Unum policy may have been included in and part of the DMB Sports Clubs, Ltd. Employee Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Unum. Plaintiff believes that as it relates to her claim, Unum functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes Unum operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* Unum's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

6. The Company, Plan and Unum conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee for approximately five (5) years, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Membership Accountant on our about September 8, 2007. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

10. Following her disability, Plaintiff applied for and received short term disability benefits through March 14, 2008, the maximum short term disability provided for under the relevant Unum policy.

11. The relevant Unum short term disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

> You are disabled when Unum determines that due to your sickness or injury:
> - you are unable to perform the material and substantial duties of your regular occupation; and
> - you are not working in any occupation.

-3-

12. Upon the termination of her short term disability benefits, Plaintiff applied for long term disability benefits under the relevant Unum policy.

13. The relevant long term disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

> You are disabled when Unum determines that:
>
> - you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
>
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

14. The definition of long term disability is substantially similar to the definition of disability set forth in the Unum short term disability claim.

15. In support of her claim for long term disability benefits, Plaintiff submitted medical records to Unum from her treating physicians which supported her allegation she met the relevant definition of disability in the policy.

16. In support of her long term disability claim, one of Plaintiff's treating physicians provided Unum with a physician statement form dated April 2, 2008, wherein the physician indicated Plaintiff was unable to work in any occupation. Plaintiff also submitted a statement from the same treating physician dated April 11, 2008, that clarified Plaintiff may be able to work if she was permitted to take a break of 15-20 minutes for each hour worked.

17. As part of its review of Plaintiff's claim, Unum obtained a medical review by Robert A. Hill, M.D. Although Unum suggested Dr. Hill is allegedly an independent medical reviewer, upon information and belief, Dr. Hill either is employed directly by

Unum or maintains such close employment/business ties with Unum he has in the past represented that he is a Vice President and Medical Director for Unum.[1]

18. Due to the nature of Dr. Hill's relationship with Unum, Plaintiff questions the objectivity and impartiality of Unum and Dr. Hill to review Plaintiff's claim and provide her with a full and fair review. Upon information and belief, Plaintiff believes Dr. Hill may have an incentive to protect his own consulting relationship with Unum and, possibly, the disability insurance industry in general, by providing medical review reports which selectively review or ignore evidence, such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies such as Unum and which supported the denial of Plaintiff's claim. Moreover, Plaintiff questions the credentials, independence, impartiality and bias of what may be one of Unum's own employees to fully and fairly review her claim and she believes Dr. Hill's opinion is adversarial because of this potential conflict of interest.

19. Plaintiff believes Unum's financial conflict of interest is a motivating factor in why it referred Plaintiff's claim to Dr. Hill, why her claim was denied and why she did not receive a full and fair review pursuant to ERISA, 29 U.S.C. § 2560.503-1.

20. Unum and Dr. Hill's conflict of interest are evident in the April 9, 2008 medical review report and the April 11, 2008 supplemental report he authored. Dr. Hill did not examine Plaintiff and his opinion she was able to perform sedentary work was based entirely on a selective review of the evidence which supported Plaintiff's claim. Dr. Hill agreed with Plaintiff's treating physician that she required breaks every hour but disagreed as to the length; rather than the 15-20 minute break per hour recommended by Plaintiff's treating physician, Dr. Hill recommended "less than" a five (5) minute break for ever hour

---

[1] *See Nickel v. Unum Life Ins. Co. of America*, 582 F.Supp. 2d 869, 873 (E.D. Mich. 2008) (identifying Dr. Hill as Unum's Vice President and Medical Director).

worked. Dr. Hill's review of Plaintiff's medical records was flawed because it was selective and sought to de-emphasize evidence she submitted which proved she was disabled in order to provide a reason for Unum to justify a denial of her claim.

21. As part of its review of Plaintiff's claim for long term benefits, Unum, through its Vice President and Medical Director, requested a medical review of Plaintiff's claim from Beth Schnars, M.D. Upon information and belief, Dr. Schnars either is employed directly by Unum or has such close employment/business ties with Unum she represents herself as an employee of Unum. [2] Plaintiff believes Dr. Hill may be Dr. Schnars' supervisor.

22. Plaintiff incorporates by reference and re-alleges that Dr. Schnars had the same incentive to protect her own consulting/employment relationship with Unum as did Dr. Hill.

23. Unum and Dr. Schnars' conflict of interest are evident not only in Dr. Hill's request for confirmation of his opinion rather than by obtaining a fair and unbiased review of Plaintiff's medical record, but also in the April 14, 2008 medical review report authored by Dr. Schnars. Dr. Schnars did not examine Plaintiff and her opinion Plaintiff was able to perform sedentary work was based entirely on a selective review of the evidence which supported Plaintiff's claim. Dr. Schnars agreed with Dr. Hill's opinion, finding Plaintiff required only "up to" a five (5) minute break for every hour worked. Similar to Dr. Hill's review, Dr. Schnars' review was flawed because it was selective and sought to de-emphasize Plaintiff's evidence.

---

[2] *See Ballas v. Unum Life Ins. Co.*, 640 F.Supp. 2d 1053, 1060 (W.D. Wis. 2009) (identifying Dr. Schnars as an employee of Unum); and *e.g.*, *Mitchell v. Metro Life Ins. Co.*, 523 F.Supp. 2d 1132 (C.D. Cal. 2007) (Unum is also a named defendant in this matter).

24. Plaintiff believes Dr. Schnars' review of her claim presents a conflict of interest and is a reason her claim was denied and she did not receive a full and fair review pursuant to ERISA, 29 U.S.C. § 2560.503-1.

25. In a letter dated April 25, 2008, without any evidence Plaintiff's medical condition had improved or that she was able to engage in her regular occupation given her restrictive work abilities and despite the substantial similarities in the definition of disability which applied in Unum's short term and long term policies, Unum notified Plaintiff it was denying her claim for long term disability benefits after it erroneously concluded she failed to provide sufficient evidence to support the severity of her serious medical conditions. Unum's denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to reference, consider, and/or selectively reviewed and de-emphasized most, if not all Plaintiff's evidence.

26. In addition to relying on the medical opinions of Dr. Hill and Dr. Schnars, Unum referred Plaintiff's claim to an alleged unidentified "Vocational Rehabilitation Consultant." Plaintiff questions the credentials, independence, impartiality and bias of Unum's own Vocational Rehabilitation Consultant employee to fully and fairly review her claim and believes the Consultant's opinion is adversarial because the individual is a Unum employee. Plaintiff believes Unum's financial conflict of interest is a motivating factor why it referred Plaintiff's claim to its own vocational consultant for review. Unum's Consultant's opinion was based entirely on a selective, flawed and incomplete review of Plaintiff's medical records which erroneously failed to consider the combined impact of Plaintiff's serious medical conditions and the opinions of her treating physicians that she was totally disabled and unable to work.

27. Unum's determination was also erroneous and unlawful because Plaintiff's medical condition had not improved in any meaningful way which would have allowed a

return to work [3] from the time it originally evaluated and approved her short term disability claim; *to wit*, Plaintiff remained unable to engage in her occupation. Plaintiff believes a reason her long term claim was denied, notwithstanding Unum's approval of her short term disability claim which contained a similar definition of disability, is because Unum's liability to Plaintiff pursuant to the long term disability policy was significantly longer as compared to its liability under the short term disability policy.

28.  Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the April 25, 2008 denial of her claim for long term disability benefits in a letter dated October 6, 2008. In support of her appeal, Plaintiff submitted additional medical information and lay witness affidavits which demonstrated she was unable to engage in any occupation as set forth in the Unum long term disability policy.

29.  On appeal, Plaintiff submitted an August 28, 2008 Residual Functional Capacity Form ("RFCF") completed by her treating physician who opined, *inter alia*, that she could only work thirty to forty-five (30-45) minutes at a time with twenty (20) minute breaks. The RFCF also confirmed Plaintiff has been unable to perform any type of full-time employment since September 7, 2007. Plaintiff also submitted another RFCF completed by another treating physician who rendered the same opinion as the aforementioned physician who completed the August 28, 2008 RFCF; i.e. Plaintiff could only work thirty to forty-five (30-45) minutes at a time with twenty (20) minute breaks.

---

[3] *McOsker v. Paul Revere Life Insur. Co.,* 279 F.3d 586 (8th Cir. 2002), held that once the claimant establishes an entitlement to benefits, absent changed circumstances, the propriety of a termination is questionable. *Also see, Regula v. Delta Family-Care Disability Survivrsho Plan,* 266 F.3d 1130 (9th Cir. 2001), *Walke v. Group Long Term Disability Ins.,* 256 F.3d 835 (8th Cir. 2001); *Levinson v. Reliance Standard,* 245 F.3d 1321 (11th Cir. 2001) (burden placed on insurer to establish claimant's ability to work).

30. Plaintiff also submitted a November 20, 2008 affidavit from one of her neighbors who confirmed Plaintiff's condition had deteriorated over the past year and that she suffered not only from serious medical conditions but also from side effects from her various medications.  The Affiant opinion Plaintiff was totally unable to work in any occupation.  Plaintiff also submitted affidavits from family members who rendered opinions consistent with those referenced by her neighbor.

31. Plaintiff also submitted an Independent Medical Examination (IME) report dated December 5, 2008 performed by a medical doctor who is board certified in physical medicine, rehabilitation and pain medicine/management.  After examining Plaintiff and reviewing her medical records and history, the physician opined Plaintiff is incapable of sustained gainful employment.  Plaintiff also provided a December 20, 2009 Vocational Report prepared by an expert who after reviewing relevant evidence concluded Plaintiff "meets the strict criteria of Unum's disability policy or any other disability policy. From a vocational standpoint, [Plaintiff] is totally disabled form the workplace."

32. Notwithstanding this evidence, Unum notified Plaintiff in a letter dated March 20, 2009 it was upholding its decision to deny her claim as it found Plaintiff failed to demonstrate her total disability. Unum's denial again failed to provide Plaintiff with a full and fair review by failing to properly investigate her claim in violation of ERISA, specifically 29 C.F.R. § 2560.503-1(h) because it again completely failed to reference, consider and/or selectively reviewed most if not all of her evidence which adequately documented continued support of the fact that her medical conditions had not improved and she continued to meet the definition of disability.  Unum denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to, failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability, disregarding Plaintiff's self-reported symptoms,

failing to consider all the limitations set forth in her medical evidence, failing to obtain a peer review evaluation from a disinterested, qualified physician, failing to evaluate the combination of all of Plaintiff's serious medical conditions and failing to request for Plaintiff to undergo an independent medical examination as allowed in the policy.

33. Unum has notified Plaintiff she has exhausted her administrative appeals.

34. Plaintiff also applied for social security benefits through the Social Security Administration (SSA).  In a letter dated March 30, 2009, SSA found Plaintiff became disabled from engaging in any gainful occupation which may exist in the national economy.  SSA's definition of disability is more stringent than the aforementioned definitions of disability set forth in the Unum policy; therefore, SSA's approval and continued payment of disability benefits through the date of this Complaint is relevant evidence this Court should consider to determine whether Unum's denial was influenced by its conflict of interest as well as the lawfulness of its decision.

35. In a letter dated in April 2009, Plaintiff notified Unum of the Fully Favorable bench decision rendered by an SSA Administrative Law Judge who approved her claim on less evidence than Unum considered and without holding a hearing.  In the letter, Plaintiff asked Unum to reconsider her claim based on the SSA judge's decision.

36. Unum notified Plaintiff in a letter dated May 29, 2009 it was processing a re-appeal of the denial of her claim.

37. After Plaintiff had not received any correspondence from Unum regarding her claim for approximately two (2) months, Plaintiff notified Unum in a letter dated July 1,

2009 that if it she did not receive a determination by July 15, 2009, she would deem her claim denied. Plaintiff deemed her claim denied [4] in a letter to Unum dated July 17, 2009.

38. In evaluating Plaintiff's claim on appeal, Unum had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do.[5]

39. Plaintiff believes the reason Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is the reason her disability claim was denied.

40. Unum has in the past been criticized by federal courts for the manner in which it selectively reviews claims and terminates them when it is in the company's best interest. The $26,394,765.39 dollar verdict and well as the Court's findings of fact as rendered in *Merrick v. Paul Revere Life Ins*. 594 F.Supp.2nd 1168 (D. Nev. 2008)(Attached hereto as Exhibit "A" is a copy of the decision), provides ample evidence of Unum's conflicts of interest and the self serving manner in which it manages, evaluates and denies disability claims. Plaintiff believes discovery is necessary in this litigation for the Court to fully understand Unum's and any individual's conflict of interest who was involved in the

---

[4] "If a Plan fails to follow its prescribed claims procedure, in this instance by deciding the appeal within 90 days, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under § 502(a) of the Act."29 C.F.R. § 2560.503-1(1 )." *See Swanson v. Hearst Corp. Long Term Dis. Plan*, 2009 U.S. App. LEXIS 24055 (5th Cir.).

[5] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

review of her claim and how those conflicts either alone or in combination resulted in the denial of her claim.

41. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Unum and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Unum's decision to deny her claim.

42. With regard to whether Plaintiff meets the definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo* because the unlawful violations of ERISA committed by Unum as referenced herein are flagrant.

43. As a direct result of Unum's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost disability benefits in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

44. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

45. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order requiring Defendants to pay Plaintiff disability benefits as a result of being found disabled pursuant to the relevant policy from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

B.     For an order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the Plan or policy conditions for termination of benefits;

C.     For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.     For such other and further relief as the Court deems just and proper.

DATED this 18th day of February, 2010.

SCOTT E. DAVIS. P.C.

By: /s/ Scott E. Davis
    Scott E. Davis
    Attorney for Plaintiff